IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANA M. DREW,  )
    Petitioner,  )  Civil Action No. 12-283 Erie
)
v.  )  Chief District Judge Sean J. McLaughlin
)  Magistrate Judge Susan Paradise Baxter
OFFICE OF THE DISTRICT  )
ATTORNEY, et al.,  )
    Respondents.  )

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [ECF No. 10] be granted and that the petition for a writ of habeas corpus be dismissed and a certificate of appealability be denied.

**II.    REPORT**

    **A.    Background**

The purpose of a habeas corpus petition is to secure release from illegal custody. See 28 U.S.C. § 2254(a) ("an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484-87 (1973). In his petition, Dana M. Drew challenges his imprisonment in the Erie County Prison for civil contempt, which was imposed by order of the Court of Common Pleas of Erie County because he failed to pay his monthly support obligations. As relief, he seeks an order from this Court directing that he be released from custody.

1

On May 8, 2013, Respondents filed a motion to dismiss in lieu of an Answer. They explain that Drew's period of incarceration for civil contempt has expired and he has been released from custody.[1] Accordingly, they argue, the petition must be dismissed as moot. Drew did not file a reply to the motion to dismiss.

B.  Discussion

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-751 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).

"The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-78. See also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Applying the above precepts to this case, the Court must conclude that the petition is moot. Respondents have demonstrated that Drew has been released from custody. In this case, there is no relief

---

[1] It is the petitioner's responsibility to update the Court with his present mailing address. Drew has not done so. His address of record is still the Erie County Prison, and that is where the Court must send this Report and Recommendation.

that this Court can provide to Drew because he no longer is in prison for civil contempt. Therefore, the petition is now moot. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the petition should be dismissed as moot. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss be granted, that the petition for a writ of habeas corpus be dismissed as moot, and that a certificate of appealability be denied.

3

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 17, 2013

cc:    The Honorable Sean J. McLaughlin
       Chief United States District Judge